IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 21-CR-00014 VJ1 |
| vs. ) | |
| ) | |
| MUNDO CHARLES BARELA, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM**

The United States hereby responds to Defendant's Sentencing Memorandum (Doc. 29) and asks the Court to accept the plea agreement (Doc. 23), and to impose the longest sentence available pursuant to the plea agreement, which is a 108-month term of imprisonment.

**I.      Guideline Calculation**

On July 28, 2020, Defendant was charged by complaint with Second Degree Murder, in violation of 18 U.S.C. § 1111. Doc. 1. On January 6, 2021, Defendant pled guilty to an Information charging him with Voluntary Manslaughter, in violation of 18 U.S.C. §§ 1112(a) and 1152. Doc. 20. Defendant pled guilty pursuant to a plea agreement. Doc. 23. Under USSG § 2A1.3(a), the base offense level is 29. Presentence Report (PSR) at ¶ 23. Defendant receives a three-level decrease for accepting responsibility under § 3E1.1. PSR at ¶¶ 30 and 31. Given a criminal history score of zero, Defendant resides in Criminal History Category I. *Id*. at ¶ 36. Based upon a total offense level of 26, and Defendant residing within CHC I, the correctly calculated advisory guideline range is 63 to 78 months of imprisonment. *Id*. at ¶ 55.

Pursuant to the 11(c)(1)(C) plea agreement that stipulates to a sentencing range of 84 to 108 months imprisonment, the United States agreed not to bring additional charges against Defendant arising out of the facts forming the basis of the present Information. Doc. 23. at ¶16. "Additional charges" necessarily includes the original charge in this case, which was Second Degree Murder. Had Defendant been convicted at trial of Second Degree Murder, the resulting advisory guideline range would have been 235 to 293 months. *See* USSG § 2A1.2(a), and PSR at ¶ 71. Accordingly, Defendant benefitted greatly from entering into the instant plea agreement.

**II.     Sentencing Request**

The nature and circumstances of this offense call for the longest sentence available under the plea agreement, which is a 108-month term of imprisonment. A 108-month sentence will be "sufficient, but not greater than necessary," to comply with the sentencing goals of 18 U.S.C. § 3553(a), including the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.

Mr. Barela irrationally and unnecessarily took the life of a man that was a father, brother son, and grandfather. PSR at ¶ 18. Defendant's assertion that he acted out of fear and in the heat of passion, albeit credible, does not excuse his actions. PSR at ¶¶ 12-13. There is no evidence that the victim had a weapon when Defendant stabbed him with a knife, over and over again. The victim's autopsy revealed two stab wounds to the neck, three to the chest and abdomen, along with multiple superficial sharp force injuries all over his body. PSR at ¶18. This Court should find that only a sentence at the high-end of the stipulated sentencing range will be sufficient to provide just punishment for Defendant's actions, which resulted in the victim's needless death. The United States therefore asks this Court to impose a sentence that will adequately address the nature and circumstances of the offense: 108 months in prison.

**III.     Conclusion**

The United States asks the Court to sentence Defendant to a 108-month term of imprisonment.

Respectfully submitted,

Fred J. Federici
Acting United States Attorney

*Filed Electronically on 5/28/2021*
AARON O. JORDAN
Assistant U.S. Attorney
200 N. Church Street
Las Cruces, NM  88001
(575) 522-2304

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document using the Court's CM/ECF filing system which will send electronic notification to opposing counsel of record.

*/s/  Filed Electronically on 5/28/2021*
AARON O. JORDAN
Assistant U.S. Attorney