IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                      No. 21-cr--00014-VJ1

MUNDO CHARLES BARELA,

    Defendant.

## DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM

Mundo Barela requests a reasonable sentence of 84 months, above his undisputed guideline range of 63-78 months, which is a sentence no greater than necessary to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

The Government is correct that, had Mr. Barela been convicted at trial of Second Degree Murder, his guideline range would have been much higher. However, Mr. Barela was *not* convicted at trial of nor did he plead guilty to the charge of Second Degree Murder; instead he pleaded guilty to the charge that fit the crime which is Voluntary Manslaughter. There was no malice aforethought in this case and, instead, Mr. Barela acted upon a sudden quarrel and that is why the appropriate charge was Voluntary Manslaughter. And the appropriate and undisputed guideline range is 63-78. A sentence of 84 months is nearly 10% higher than the high end of the appropriate guideline range. There is no convincing argument to go above this.

The fact that the plea agreement contemplates a range is not a sufficient reason to sentence Mr. Barela at the high end of the plea agreement range. The Government has not raised any argument that takes this case out of the heartland of Voluntary Manslaughter cases and that is why a sentence closest to the applicable guideline range is appropriate.

On the contrary, Mr. Barela has argued convincingly that he is a loving father who wants to provide for his young daughter, he has no criminal convictions, Mr. Barela was not quite 19 years old at the time of the crime, he has incredible remorse for his actions and the devastating consequences it has caused to the victim and the victim's loved ones, Mr. Barela accepted complete responsibility for his actions early on, and a higher sentence than 84 months would create a disparity between him and other similarly-situated defendant with similar guidelines.

For these reasons, Mr. Barela has justified why 84 months is the appropriate sentence that is sufficient but not greater than necessary to fulfill the purposes of sentencing listed in 18 U.S.C. § 3553(a).

    Respectfully submitted,

    FEDERAL PUBLIC DEFENDER
    506 S. Main Street, Suite 400
    Las Cruces, New Mexico 88001
    (575) 527-6930
    *Electronically filed (June 1, 2021)*
    By:   /s/ Daniel Rubin
           DANIEL RUBIN
           Assistant Federal Public Defender